```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
MELINDA LAUCKS,                    )
                                   )
         Plaintiff,                )
                                   )
      v.                           )   C.A. No. 15-053 S
                                   )
MARK MCVAY; JOHN DEACON, JR.,      )
ESQ.; W. MARK RUSSO, AS INDIVIDUAL )
AND IN HIS CAPACITY AS RHODE       )
ISLAND SUPERIOR COURT SPECIAL      )
MASTER; JOHN A. DORSEY, AS         )
INDIVIDUAL AND IN HIS CAPACITY     )
AS RHODE ISLAND SUPERIOR COURT     )
SPECIAL MASTER; SETH SCHALOW;      )
MICHAEL A. SILVERSTEIN AS          )
INDIVIDUAL AND IN HIS CAPACITY AS  )
RHODE ISLAND SUPERIOR COURT JUDGE; )
AND BENJAMIN CUTCHSHAW, ESQ.,      )
                                   )
         Defendants.               )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion to Reopen.  (ECF No. 7.)  Defendants W. Mark Russo, John A. Dorsey, and Seth Schalow filed an Opposition (ECF No. 9), as did Defendant Michael A. Silverstein (ECF No. 12).  Plaintiff filed a Reply.  (ECF No. 13.)  For the reasons that follow, Plaintiff's Motion to Reopen is DENIED.

This case was filed on February 17, 2015.  (ECF No. 1.) Defendants Dorsey and Russo moved to dismiss for lack of subject

matter jurisdiction on March 2, 2015. (ECF No. 3.) Several weeks later, Plaintiff moved to withdraw her Complaint, stating that "[d]ue to catastrophic fire, Plaintiff, Melinda Laucks will be unable to present evidence to support the Complaint." (ECF No. 4.) In January 2016, Plaintiff moved to reopen. (ECF No. 7.)

Although Plaintiff does not cite it, the Court considers her motion under Federal Rule of Civil Procedure 60(b), which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Plaintiff does not identify any of these reasons in her opening brief; however, in her reply she states that her Complaint was

"abandoned prematurely due events beyond my control, catastrophic fire and the total destruction of my home and all my belongings, and subsequent and ongoing homelessness, constituting by any reasonable court, excusable neglect." (Pl.'s Reply 2, ECF No. 13 (emphasis added).)

The Court does not agree that a voluntary dismissal constitutes excusable neglect. See Edwards-Brown v. Crete-Monee 201-U Sch. Dist., 491 F. App'x 744, 747 (7th Cir. 2012) ("[I]t's hard to see how relief under Rule 60(b) would ever be available for a plaintiff like Brown who has made a conscious, deliberate decision to dismiss a lawsuit. Brown suggests that she should be allowed to rescind her voluntary dismissal because of 'excusable neglect,' but her conduct does not fall in this category. Excusable neglect under Rule 60(b)(1) covers unintentional omissions, such as missed filing deadlines; it does not apply to a plaintiff's deliberate actions."); Chang v. Smith, 778 F.2d 83, 86 (1st Cir. 1985) ("The principle is well established that Rule 60(b) does not provide relief from 'free, calculated [and] deliberate choices.' . . . [I]gnorance or mistake of law is not a 'mistake' for purposes of Rule 60(b)(1) . . . . Nor is it 'excusable neglect'." (quoting Ackerman v. United States, 340 U.S. 193, 198 (1950))). Plaintiff made the decision to voluntarily withdraw her Complaint; "a change of heart . . . [is] not covered by [Rule 60(b)]." Triplett v.

3

Colvin, No. 12 C 4382, 2014 WL 4978658, at *1 (N.D. Ill. Oct. 6, 2014).

For the foregoing reasons, Plaintiff's Motion to Reopen is hereby DENIED.  Because the case remains closed, Plaintiff's subsequent motions (ECF Nos. 10, 11, and 18) are hereby DENIED AS MOOT.


IT IS SO ORDERED.

/s/ William E. Smith
---
William E. Smith
Chief Judge
Date:  February 22, 2016